GLENN JOHNSON, PERSONAL REPRESENTATIVE FOR BETTIE W. JOHNSON, (DECEASED) v. DIVISION OF SOCIAL SERVICES AND DIVISION OF MEDICAL ASSISTANCE, NORTH CAROLINA DEPARTMENT OF HUMAN RESOURCES

No. 8718SC920

(Filed 5 April 1988)

1. **Social Security and Public Welfare § 1— Medicaid benefits—eligibility—first moment of the first day of the month rule improperly applied**

Respondent erred in applying the "first moment of the first day of the month" rule to deny Medicaid benefits to petitioner for the last two weeks of February 1985 during which her financial resources were within the allowable limits for Medicaid eligibility, since a less restrictive rule, under which resource eligibility existed as of the day the applicable resource limits were met, became effective on 1 March 1985; respondent's own administrative regulations required that the more liberal rule be applied to all applications taken after 1 March 1985 and to all pending applications or redeterminations completed on or after 1 March 1985; and petitioner filed her application on 8 March 1985.

2. **Social Security and Public Welfare § 1— Medicaid benefits—eligibility improperly determined**

There was no merit to respondent's contention that, because petitioner would not have been eligible for Medicaid assistance under the regulations effective in February 1985 had she applied then, she was prohibited by 42 U.S.C. § 1396a(a)(34) from receiving any award for that period of time, since there was nothing in the statute which suggested a legislative intent to affirmatively prohibit the retroactive application of broader eligibility requirements adopted by a state agency.

APPEAL by Respondent, North Carolina Department of Human Resources, from *William H. Freeman, Judge.* Judgment

entered 29 May 1987 in Superior Court, GUILFORD County.[1] Heard in the Court of Appeals 1 March 1988.

*Turner, Enochs, Sparrow, Boone & Falk, P.A., by Wendell H. Ott, Thomas E. Cone, and S. Mark Payne, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Henry T. Rosser, for respondent-appellant.*

BECTON, Judge.

The central issue in this case is whether Respondent, North Carolina Department of Human Resources (DHR), properly applied the North Carolina Medicaid program's "first moment of the first day of the month" rule to deny medical assistance (Medicaid) benefits to Petitioner, Bettie W. Johnson, for an approximately two-week period during which her financial resources were within the allowable limits for Medicaid eligibility.

On 8 March 1985, Petitioner, through her personal representative, Glenn Johnson, applied to the Guilford County Department of Social Services (DSS) for Medicaid benefits beginning 13 February 1985. DSS determined that she was eligible for benefits from 1 March 1985 but denied benefits prior to that date. Pursuant to N.C. Gen. Stat. Sec. 108A-79(g) (Cum. Supp. 1987), Petitioner sought administrative review of that decision by DHR. Following a hearing at which the evidence showed that Petitioner met the applicable resource limits for eligibility as of 13 February 1985, DHR's administrative hearing officer affirmed the decision of DSS. Petitioner then appealed the final agency decision to Guilford County Superior Court. After reviewing the administrative record and considering arguments of counsel, the trial judge concluded that DHR's denial of benefits for the period from 13 February 1985 through 28 February 1985 was affected by error of law. From judgment entered 29 May 1987, reversing the decision of DHR and ordering the matter remanded to DSS for a final determination of Medicaid eligibility consistent with the judgment, DHR appeals. We affirm.

---

1. By stipulation of the parties, this judgment was entered out of term, out of session, out of court, and out of the district.

I

It is not disputed that the Petitioner's assets were reduced to the applicable Medicaid eligibility reserve limits as of 13 February 1985. Eligibility was denied by DHR for the period from 13 February through 28 February 1985 because DHR applied the "first moment of the first day of the month" rule for determining the value of Petitioner's assets. Under that rule, which was established by provisions of the North Carolina Administrative Code and DHR's Medicaid Eligibility Manual, and which was effective prior to 1 March 1985, a Medicaid applicant's resources ("reserves") are valued, for purposes of determining eligibility for benefits, as of the first moment of the first day of the month for which application is made. If the applicant's reserve exceeds the allowable eligibility limit at that time, the applicant is ineligible for the entire month. *See* 10 N.C. Administrative Code 50B.0311 (c)(1) (1984). Although those provisions were amended, effective 1 March 1985, to allow eligibility to begin on the very day that an applicant's countable resources are reduced to allowable limits, *see* 10 N.C. Administrative Code 50B.0311(3)(a) (1985), DHR concluded that the amendment did not apply retroactively to allow an award of benefits to Petitioner for that portion of February 1985 during which her resources were within allowable limits.

In reversing DHR's decision, the Superior Court judge concluded: (1) that processing Petitioner's 8 March 1985 application by use of N.C. Administrative Code regulations and Medicaid Eligibility Manual materials which were no longer in effect on that date constituted error, and (2) that application of the "first moment of the first day of the month" rule was also error because that rule was in conflict with federal law and with federal and state regulations mandating that only assets "available" to an applicant be considered in evaluating Medicaid eligibility. DHR assigns error to both of those conclusions.

II

[1] The standard of review in this action is provided by the review provisions of the Administrative Procedure Act, N.C. Gen. Stat. Sec. 150A-51 (1983). *Lackey v. North Carolina Department of Human Resources*, 306 N.C. 231, 293 S.E. 2d 171 (1982). Section 150A-51 allows a reviewing court to reverse an agency decision

if the substantial rights of the petitioners may have been prejudiced because the agency findings, inferences, conclusions, or decisions are:

. . .

(4) affected by . . . error of law . . . .

We hold that DHR failed to properly follow its own administrative regulations in effect at the time of Petitioner's application and that its decision to deny benefits prior to 1 March 1985 was thus affected by error of law.

Although the less restrictive rule — under which resource eligibility exists as of the day the applicable resource limit is met — became effective 1 March 1985, DHR contends that the more restrictive "first moment of the first day" rule controlled as of the time of Petitioner's 8 March 1985 application because benefits were sought for a period of time when the more restrictive rule was still in effect, and because the State's Medicaid regulations make no provision for retroactive application of the more liberal rule. We disagree.

Pursuant to DHR's amendment of its regulation concerning reserve requirements set forth in N.C. Administrative Code 50B .0311, the Medicaid Eligibility Manual was also revised to reflect the more liberal rule for eligibility. *See* Medicaid Eligibility Manual Change No. 16-85 and Medicaid Eligibility Manual Sec. MA-3330 IV A.2 (Rev. 03-01-85). The instructions for implementing the change, transmitted by Change Notice 16-85, state: "Apply these changes effective March 1, 1985 to all applications taken on or after March 1, 1985 and to all pending applications or redeterminations completed on or after March 1, 1985."

In our view, the plain and unambiguous wording of this instruction required DHR to apply the more liberal eligibility standard to this case which clearly involves an "application taken on or after March 1, 1985." Moreover, the requirement that the new rule be applied to pending applications or to redeterminations completed on or after that date would, in many instances, be rendered meaningless if retroactive application of the rule were denied.

[2]  We also reject DHR's contention that the allowance of benefits to Petitioner for any part of February 1985 would result in a

violation of 42 U.S.C. Sec. 1396a(a)(34) which requires a state Medicaid plan to provide payment for care and services received by an applicant up to three months prior to the month of application

> . . . if such individual was (or upon application would have been) eligible for such assistance at the time such care and services were furnished.

*Id.* DHR argues that because Petitioner would not have been eligible for assistance under the regulations effective in February 1985 had she applied then, this provision proscribes any award for that period of time. However, DHR has not cited, nor have we discovered, any authority in support of this interpretation of the statute. We find nothing in the plain language of the statute which suggests a legislative intent to affirmatively prohibit the retroactive application of broader *eligibility* requirements adopted by a state agency. Rather, the purpose of the provision apparently is to ensure that *assistance* will be made available retroactively for a specific period of time to those who otherwise meet applicable eligibility requirements. *See Liegl v. Webb*, 802 F. 2d 623, 625 (2d Cir. 1986); *Cohen v. Quern*, 608 F. Supp. 1324, 1330 (N.D. Ill., E.D. 1984).

### III

In summary, we hold that, by applying the "first moment of the first day of the month" rule to Petitioner's application for Medicaid benefits, DHR erroneously violated its own administrative regulations in effect at the time of application. Accordingly, we affirm the ruling of the trial court that Petitioner is entitled to benefits for the period from 13 February through 28 February 1985. In light of this holding, we deem it unnecessary to consider DHR's arguments concerning whether application of the "first day" rule was also error because the rule conflicted with other state or federal law.

Affirmed.

Judges ARNOLD and PARKER concur.